UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIMMY PATTON, ROBERT TEACHOUT,
MARIE DALLAIRE and GARY
GREGORY, for themselves and others
similarly situated,

        Class Plaintiffs,

v.

TOPPS MEAT COMPANY, LLC, WAL-
MART STORES, INC., PATHMARK
STORES, INC., WAKEFERN FOODCORP.
d/b/a SHOPRITE and SHOPRITE OF
KINGSTON,

        Defendants.

**REPORT AND RECOMMENDATION**

07-CV-00654(S)(M)

---

# INTRODUCTION

Before me is plaintiffs' motion for leave to belatedly file a class certification motion [99],[1] which has been referred to me by Hon. William M. Skretny for preparation of a Report and Recommendation [100]. Although I had scheduled the motion for oral argument on April 24, 2009 [103], upon further review of the parties' submissions [99, 102, 104], I have concluded that oral argument is not necessary. For the following reasons, I recommend that the motion be GRANTED.

---

[1]     Bracketed references are to the CM-ECF docket entries.

## BACKGROUND

On October 3, 2007, plaintiffs filed a proposed class action complaint seeking to recover damages as a result of an E. coli outbreak allegedly caused by the sale of ground beef products manufactured or distributed by the defendants [1]. Under Loc. R. Civ. P. ("Local Rule") 23(d), the deadline for plaintiffs' motion for class certification was 120 days thereafter. On November 28, 2007, plaintiffs filed an amended class action complaint [5].

On January 14, 2008, plaintiffs moved for an extension of the deadline for moving for class certification [15], noting that in view of the bankruptcy petition by defendant Topps Meat Company ("Topps") on November 21, 2007, plaintiffs "have been stayed from pursuing their claims in this matter" (id., ¶4), and requesting an extension of the deadline "for a period of 120 days after Plaintiffs are permitted to conduct discovery" (id., ¶5). Judge Skretny granted that motion by Text Order dated January 21, 2008, stating that "Plaintiffs are granted an extension of time until 120 days after the lifting of the bankruptcy stay to file their Motion for Class Certification" [21].

Lengthy motion practice ensued, including motions for dismissal by certain defendants, and motions to further amend the complaint. On December 1, 2008 plaintiffs moved to withdraw their motion to further amend the complaint, arguing "that it is in the best interest of the proposed Class Representatives and the classes as a whole . . . to proceed with discovery against the parties at issue at this time" [85, ¶8]. Judge Skretny granted that motion on December 11, 2008 [86], and on December 22, 2008, Topps filed its answer to the amended

complaint [88]. On December 29, 2008, Magistrate Judge Scott scheduled a status conference for January 27, 2009 [90]. Thereafter, he recused himself from further proceedings [93], and the case was reassigned to me [94].

At a status conference before me on March 18, 2009 [97], the plaintiffs proposed a revised schedule for a class certification motion. I pointed out that since the bankruptcy stay in favor of Topps had been lifted on May 22, 2008 [57], under the terms of Judge Skretny's order, plaintiffs' certification motion was due 120 days thereafter, or on September 22, 2008, and that since the deadline for a certification motion had expired, Local Rule 23(g) prohibited consideration of the motion absent a finding of "excusable neglect and good cause" for the belated filing.

In addressing the timeliness issue, defendants' attorney, Eric Bernhardt, explained that "it is our understanding on the defense side that we were required to have . . . a meeting with the magistrate judge assigned to the case before we could even begin with class certification discovery and get through that process . . . . There was significant motion practice prior to your Honor's involvement in the case - involving new defendants, additional defendants, amending the complaint, and until that was really resolved, we were not able to have a scheduling conference or any sort of class action conference with the magistrate and then . . . we did have several recusals, most recent one being Judge Scott".[2]

When I asked Mr. Bernhardt whether defendants would consent to plaintiffs' motion for relief from Local Rule 23(g), he replied: "I am not sure I am aware of a basis for

---

[2] Transcribed from digital recording of March 18 proceedings.

-3-

opposing such a motion, but in all fairness and candor, I am not in a position to make any sort of representation at this time on that".

By Text Order dated that same day [98], I indicated that "absent further order of the court, this action shall proceed as a non-class action. As agreed at today's conference, plaintiffs shall file their motion for relief from the provisions of Local Rule 23(g) on or before March 27, 2009". This motion followed.

Although Mr. Bernhardt stated on March 18 that "we were not under the impression or aware that the plaintiffs would have waived the class certification rights", defendants now argue that "pursuant to Local Rule 23(g), plaintiffs' class allegations have been intentionally abandoned and waived". Defendants' Memorandum [102-2], p. 6.

## DISCUSSION AND ANALYSIS

The provisions of Local Rule 23(d) and (g) are quite clear, and similar local rules in other districts "have been strictly applied". Howard v. Gutierrez, 474 F. Supp. 2d 41, 53 (D.D.C.2007), reconsideration denied, 503 F. Supp. 2d 392 (D.D.C. 2007). While Local Rule 23(g) allows for belated filing of a certification motion "upon a finding of excusable neglect and good cause", it has been said that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule". Silivanch v. Celebrity Cruises, Inc., 333 F. 3d 355, 366 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004). "Where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." Id. at 366-67.

Nevertheless, "it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (1993). "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

"We have emphasized . . . that it is the third factor - the reason for the delay - that predominates, and that the other three are significant only in close cases. But we have emphasized this factor solely in cases where the non-moving party made an objection to the validity of the explanation given for the delay". Williams v. KFC National Management Co., 391 F. 3d 411, 415-16 (2d Cir. 2004), cert. dismissed, 544 U.S. 1012 (2005). Thus, in Gutierrez, supra, the court was influenced by the fact that plaintiffs were "alerted by [defendants on] March 17, 2006, that they were already two and one-half months out of time and hence needed to file a class certification motion. Yet they waited until June 23, 2006 - another three months - before even filing a motion for an extension of time to move for class certification . . . . This Court wonders why a party acting diligently and in good faith would wait three additional months after being alerted to a missed deadline before attempting to mitigate the error". 474 F. Supp. 2d at 56-57.

In this case, by contrast, defendants did not object to plaintiffs' explanation for their delay in moving for certification until after I had raised the issue of timeliness.[3] In fact, Mr. Bernhardt *agreed* with plaintiffs' explanation for the delay in moving for certification, stating that defendants also understood that "we were required to have . . . a meeting with the magistrate judge assigned to the case before we could even begin with class certification discovery and get through that process".

Limited pretrial discovery is important in the class certification context, because "the federal rules do not . . . require or encourage premature certification determinations." Weiss v. Regal Collections, 385 F. 3d 337, 347 (3rd Cir. 2004); Eckert v. The Equitable Life Assurance Society of the United States, 227 F.R.D. 60, 64 (E.D.N.Y. 2005). "Allowing time for limited discovery supporting certification motions may also be necessary . . . to probe behind the pleadings before coming to rest on the certification question." Weiss, supra, 385 F. 3d at 348, n. 17.

Moreover, the fact that Topps did not answer the amended complaint until December 22, 2008 is a significant consideration, "because a key ingredient for class certification is an assessment of whether common issues predominate in the adjudication of the defendant's defenses." Eckert, 227 F.R.D. at 64. *See also* Shariff v. Goord, 235 F.R.D. 563, 569 (W.D.N.Y.

---

[3] For example, defendants do not dispute plaintiffs' assertion that "on January 8, 2009, the parties held a Rule 26(f) conference call to discuss an Agreed Scheduling Order for Class Certification". Plaintiffs' Motion [99], 7th un-numbered page. Had defendants believed that plaintiffs were already foreclosed from seeking class certification, there would have been no reason to hold the conference at that time.

2006) (Siragusa, J.) ("defendants moved to dismiss the case in lieu of filing an answer. Consequently, issue was not fully joined until July 21, 2005").

Although defendants are not to be faulted for "jumping on the bandwagon" now that the issue of timeliness is in play, I cannot ignore the fact that, until very recently, they *shared* plaintiffs' view that a certification motion would not be untimely. Furthermore, defendants do not claim that they will be prejudiced if the motion is granted, arguing instead that the motion should be denied "regardless of any prejudice to the defendants". Defendants' Memorandum [102-2], p. 9.

I disagree. "Though some courts have construed . . . local rules as creating a mandatory timetable for class motions, with failure of timely compliance resulting in an automatic denial of class certification, the prevailing view and the better approach requires the court to weigh the equities to determine if untimely compliance has resulted in any prejudice to the defendant, and if not, to proceed to determine if Rule 23 criteria for a class action are satisfied." 8 Newberg on Class Actions (4th Ed.), §24:78.

The absence of prejudice is also a factor in determining the existence of "excusable neglect", Pioneer, supra, 507 U.S. at 395, as well as "good cause". Kassner v. 2nd Avenue Delicatessen Inc., 496 F. 3d 229, 244 (2d Cir. 2007) ("the primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district court . . . also may consider other relevant factors including, in particular, whether allowing the [motion] at this stage of the litigation will prejudice defendants").

In his September 20, 2007 Decision and Order in Javier H., et al., v. Maria Garcia-Botello, et al. (02-cv-523S) (unpublished), Judge Skretny reasoned that "given the unique circumstances and procedural history of this case, this Court finds that Plaintiffs have demonstrated excusable neglect and good cause for their failure to [timely] file a class certification motion."

For similar reasons, I recommend that plaintiffs' motion be granted, and that the scheduling of further proceedings in connection with the motion for certification be deferred pending Judge Skretny's review of this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, I recommend that plaintiffs' motion [99] be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: April 17, 2009

JEREMIAH J. MCCARTHY
United States Magistrate Judge