UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JIMMY PATTON, ROBERT TEACHOUT,
MARIE DALLAIRE and GARY GREGORY,
for themselves and others similarly situated,

      Class Plaintiffs,

v.              **DECISION AND ORDER**

TOPPS MEAT COMPANY, LLC, WAL-MART  07-CV-654S(M)
STORES, INC., PATHMARK STORES, INC.,
WAKEFERN FOODCORP. d/b/a SHOPRITE
and SHOPRITE OF KINGSTON,

      Defendants.

## I. INTRODUCTION

Plaintiffs commenced this action on October 3, 2007, alleging that they became ill after eating ground beef products infected with E. coli that were manufactured, sold, marketed, and distributed by Defendants. On March 27, 2009, Plaintiffs filed a Motion for Leave to File a Class Certification Motion. (Docket No. 99.) This Court referred Plaintiffs' motion to United States Magistrate Judge Jeremiah J. McCarthy to hear the matter and issue a Report and Recommendation for the undersigned's consideration, pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge McCarthy issued a Report and Recommendation on April 17, 2009, in which he recommended that Plaintiffs' motion be granted. (Docket No. 105.) Defendants filed objections to the Report and Recommendation, Plaintiffs have responded

1

to the objections, and Defendants have filed a reply. The matter is now before this Court for review.

## II. BACKGROUND

Before any Defendant's time to answer the Complaint had expired, on November 28, 2007, Plaintiffs filed an Amended Complaint adding Strategic Investments & Holdings, Inc. as a defendant. (Docket No. 5.) That same day, Defendant Topps Meat Company, LLC filed a Suggestion of Bankruptcy. (Docket No. 6.) On January 14, 2008, Plaintiffs moved for an Extension of Time to File a Motion for Class Certification in light of the bankruptcy stay then in place. (Docket No. 15.) This Court granted Plaintiffs' motion on January 28, 2008, and extended Plaintiffs' time to file their class certification motion until 120 days after the bankruptcy stay was lifted. (Docket No. 21.)

While the stay relative to Defendant Topps remained in place, the newly named defendant, Strategic Investments, moved to dismiss the Amended Complaint as to it. (Docket No. 32.) Plaintiffs sought, and were granted, the opportunity to conduct limited discovery relative to Strategic Investment's motion. (Docket Nos. 36 and 46.) On April 29, 2008, Plaintiffs' moved for Leave to File a Second Amended Complaint to correct the name of one defendant and add ten additional defendants. (Docket No. 48.)

The bankruptcy stay as to Defendant Topps was lifted on May 22, 2009 (Docket No. 57), and, shortly thereafter, Topps filed its opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 60.) Briefing on the pending motions continued thereafter. Based on the date the bankruptcy stay was lifted, Plaintiffs class certification motion was due no later than September 19, 2008.

On September 29, 2008, Plaintiffs voluntarily dismissed this action as to Strategic Investments. (Docket No. 83.) Thereafter, on December 1, 2008, Plaintiffs withdrew their Motion for Leave to File a Second Amended Complaint. (Docket No. 85.) Issue was joined on December 22, 2008, when Defendant Topps answered the First Amended Class Action Complaint. (Docket No. 88.)

A status conference was held on March 18, 2009. At the conference, the parties proposed a revised schedule for a class certification motion. Magistrate Judge McCarthy noted that the time to move for class certification had expired, and that Plaintiffs would be required to seek relief from the Court upon a showing of excusable neglect and good cause. (Docket No. 98.) Plaintiffs filed their motion on March 27, 2009 (Docket No. 99), which motion was opposed by all Defendants (Docket No. 102).

In his Report and Recommendation, Magistrate Judge McCarthy addressed the provisions of this Court's Local Rule 23. He went on to discuss the factors considered in determining excusable neglect as applied by both the United States Supreme Court and the Second Circuit—to wit, danger of prejudice to the non-moving party; length of the delay and its potential impact on judicial proceedings; reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415-16 (2d Cir. 2004). Among other things, Judge McCarthy noted that Plaintiffs had filed their motion within a reasonable time after issue was joined, Defendants did not object to an extended deadline for class certification until Judge McCarthy raised the issue, and they do not claim any prejudice. He went on to conclude that, in light of the circumstances and

procedural history here, the equities weigh in favor of extending the time in which Plaintiffs may move for class certification.

Defendants object to Magistrate Judge McCarthy's conclusion on two grounds. First they argue that by focusing on the timing of Defendants' opposition, the Magistrate Judge sought to impose a *de facto* estoppel and, in effect, blame the Defendants for failing to alert Plaintiffs to their own failures. Second, they urge that the Magistrate Judge incorrectly concluded Defendants did not object to Plaintiffs' stated reasons for delay, thereby placing undue significance on the prejudice factor. Each is considered below.

### III.  DISCUSSION

**A.    Standard of Review**

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C).

The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. United States v. Singleton, 608 F. Supp. 2d 397, 401 (W.D.N.Y. 2009) (citing White v. Fischer, No. 04-CV-5358, 2008 U.S. Dist. LEXIS 69110, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008)). "The clearly-erroneous standard also applies if a party makes only 'conclusory or general objections, or simply reiterates his original arguments.'" Singleton, 608 F. Supp. 2d at 401 (quoting Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)).

After reviewing the Report and Recommendation and the objections thereto, the district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.	The Magistrate Judge Did Not Make Defendants' Conduct a Dispositive Factor**

Defendants first argue that the Magistrate Judge improperly focused on their conduct in an attempt to shift the onus on them.  Specifically, they contend that the Magistrate Judge improperly made their having participated in a conference call in which the class certification motion was discussed, and their failure to object to Plaintiffs' motion until after it was made, "the dispositive focus of his R&R."  (Docket No. 107 at 4-5.)  This Court disagrees and finds that, to the extent the Magistrate Judge discussed Defendants conduct, it was within the context of Defendants' argument for strict application of Local Rule 23.

The Magistrate Judge noted that, at the March 18, 2008 status conference, Defendants' counsel stated that they, too, understood that "we were required to have . . . a meeting with the magistrate judge assigned to the case before we could even begin with class certification discovery and get through that process."  The Magistrate Judge did not go on to find that statement dispositive, but instead considered the issue of pre-certification discovery given the circumstances and procedural history of this case.  He cited several cases from within the Second Circuit, including this District, that have concluded plaintiffs do not have a "realistic and reasonable opportunity to move for class certification" until after issue is joined.  Eckert v. The Equitable Live Assurance Soc'y of the U.S., 227 F.R.D. 60, 64 (E.D.N.Y. 2005).

I find that is particularly so here, where the participation of one former defendant and ten potential defendants remained in doubt until late 2008, and the manufacturer of the purportedly tainted products did not file an answer until those pending motions were

5

resolved. Throughout the time period at issue, all parties were actively engaged in motion practice. I find Plaintiffs' failure to file a second motion to extend their time to file for class certification, during a time when the issue of which persons or entities were proper defendants remained unresolved, to be excusable. I find this is so regardless of whether the failure resulted from a misreading of Local Rule 23 or from an inadvertent oversight.

**C.     The Magistrate Judge Acknowledged Defendants' Arguments**

Next Defendants contend the Magistrate Judge erroneously concluded they did not object to Plaintiffs' stated reasons for delay. The Report and Recommendation clearly indicates that the Magistrate Judge considered and rejected Defendants' principle argument in opposition to Plaintiffs' reasons for delay; that is, there is no excuse for misreading or ignoring the clear requirements of Local Rule 23.

Magistrate Judge McCarthy expressly acknowledged that Plaintiffs' reasons were in dispute when he noted that Defendants objected to Plaintiffs' explanation for their delay in moving for certification *"after I raised the issue of timeliness."* (Docket No. 105 at 6 (emphasis supplied)). He then went on to reject a construction of the Local Rule that would require automatic denial of class certification for a failure to comply, and proceeded to weigh the equities in this case.

As stated above, I agree that the equities weigh in Plaintiffs' favor here. Additionally, I note that the strict application of Local Rules 23(d) and (g) urged by Defendants ignores Local Rule 23(c)'s implication that class certification discovery is to commence after issue is joined and, more importantly, would effectively render the second sentence of 23(g) a nullity.

6

Finally, to the extent Defendants intend to suggest that once they objected to Plaintiffs' stated reasons, the Magistrate Judge was barred from considering the prejudice factor, they are mistaken. While the reason for the delay predominates when that factor is in dispute, Williams does not exclude all consideration of the remaining factors. 391 F.3d at 415-16.

## IV. CONCLUSION

This Court accepts the conclusion reached in Magistrate Judge McCarthy's April 17, 2009 Report and Recommendation (Docket No. 105) for the reasons stated and authorities cited, and for the additional reasons stated herein.

No discovery schedule has yet been entered in this case. Magistrate Judge McCarthy shall set a schedule for class certification discovery and a deadline for filing the class certification motion in a Case Management Order.

## V. ORDER

IT HEREBY IS ORDERED that Plaintiffs' Motion for Leave to File a Class Certification Motion is GRANTED.

SO ORDERED.

Dated: June 30, 2009
      Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge